**United States District Court**
For the Northern District of California

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3    DEAN STEVENS,                                    No. C 13-02112 SBA (PR)

4         Plaintiff,                                  **ORDER REGARDING *IN FORMA***
                                                      ***PAUPERIS* MOTION; DENYING**
5    v.                                               **MOTION FOR APPOINTMENT OF**
                                                      **COUNSEL; GRANTING PLAINTIFF'S**
6    KATHLEEN COLLEEN, et al.,                        **REQUEST FOR EXTENSION OF TIME**
                                                      **TO FILE COMPLAINT; AND DENYING**
7         Defendants.                                 **HIS REMAINING PENDING REQUESTS**

8    _____/

9
         On May 8, 2013, Plaintiff filed a handwritten document in this Court, and the Clerk of the
10
     Court opened the instant pro se civil rights action.  In a notice dated May 30, 2013, the Clerk
11
     directed Plaintiff to complete a civil rights complaint form and told him that he must complete this
12
     form within twenty-eight days or his action would be dismissed.  The Clerk sent Plaintiff a blank
13
     civil rights complaint form.
14
         Thereafter, Plaintiff filed a request for the appointment of counsel to represent him in this
15
     action (Docket No. 9) and an extension of time to file his complaint (Docket No. 10).  He has also
16
     filed a motion for leave to proceed in forma pauperis (Docket No. 7) as well as the following
17
     requests:
18
         (1)    a "motion [for] the Court to compell [sic] the defendants to attempt to settle
19              this case in an out of Court hearing" (Docket No. 3);

20       (2)    a request for the Court to "order Defendant to produce any and all records"
                (Docket No. 4);
21
         (3)    a motion entitled, "writ and complaint of mandamus" in which he asks the
22              Court to "order [his] relees [sic]," "stop [his] transfer to NAPA State Hospital,"
                "apoint [sic] an attorney, and stop sending this case to Judge Armstrong in
23              Oakland" (Docket No. 6); and

24       (4)    an "injunction for emergency relief" (Docket No. 8).

25   **I.    Motion for Appointment of Counsel**

26       There is no constitutional right to counsel in a civil case unless an indigent litigant may lose

27   his physical liberty if he loses the litigation.  See Lassiter v. Dep't of Social Services, 452 U.S. 18,

28   25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel

in § 1983 action), <u>withdrawn in part on other grounds on reh'g en banc</u>, 154 F.3d 952 (9th Cir. 1998)

(en banc).  The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only

in "exceptional circumstances," the determination of which requires an evaluation of both (1) the

likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims <u>pro se</u>

in light of the complexity of the legal issues involved.  <u>See</u> <u>id.</u> at 1525; <u>Terrell v. Brewer</u>, 935 F.2d

1015, 1017 (9th Cir. 1991); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of

these factors must be viewed together before reaching a decision on a request for counsel under

§ 1915.  <u>See</u> <u>id.</u>

The Court finds that exceptional circumstances entitling Plaintiff to court appointed counsel

do not exist.  The likelihood of Plaintiff's success on the merits cannot be ascertained at this point in

the proceedings.  Accordingly, the request for appointment of counsel (Docket Nos. 6, 9)  is

DENIED without prejudice.

**II.      Motion for Extension of Time to File Complaint**

Plaintiff's complaint is presently overdue.  Plaintiff has filed a request for an extension of

time to file his complaint.  Good cause appearing, the request (Docket No. 10) is GRANTED.

Plaintiff shall file his complaint no later than **twenty-eight (28) days** from the date of this Order.  **If**

**Plaintiff fails to file a complaint by the deadline above, this action will be dismissed without**

**prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).**

**III.     Motion for Leave to Proceed IFP**

Plaintiff filed a completed IFP application and a copy of his Certificate of Funds; however,

Plaintiff did not file a copy of his prisoner trust account statement.

Ordinarily, a plaintiff is permitted to file a civil action in federal court without prepayment of

fees or security if he submits an affidavit that he is unable to pay such fees or give security therefor.

<u>See</u> 28 U.S.C. § 1915(a).  If the plaintiff is a prisoner who alleges that he is unable to pay the full

filing fee at the time of filing, he must submit: (1) an affidavit that includes a statement of all assets

he possesses, and (2) a certified copy of the trust fund account statement for the prisoner for the six-

month period immediately preceding the filing of the action, obtained from the appropriate official

of each prison at which the prisoner is or was confined.  <u>See</u> <u>id.</u> § 1915(a)(1), (2).  If the court

**United States District Court**
For the Northern District of California

1   determines that the plaintiff is unable to pay the full filing fee at the time of filing, the plaintiff will

2   be granted leave to proceed IFP.  This means that the filing fee must be paid by way of an

3   installment plan, according to which the court first will assess and collect a partial filing fee from the

4   prisoner, and then the prisoner will be required to make monthly payments of twenty percent of the

5   preceding month's income credited to Plaintiff's account until the full $350.00 filing fee is paid.  Id.

6   § 1915(b)(1).  The agency having custody of the prisoner is responsible for forwarding to the court

7   payments from Plaintiff's account each time the amount in the account exceeds ten dollars.  See id.

8          Therefore, if Plaintiff files a timely complaint -- before the Court will proceed to review it --

9   Plaintiff is hereby ORDERED to file a copy of his prisoner trust account statement.  Plaintiff shall

10   do so within **twenty-eight (28) days** of the date of this Order.  **Failure to file a copy of Plaintiff's**

11   **prisoner trust account statement as ordered herein by the twenty-eight-day deadline shall**

12   **result in the dismissal of this action without prejudice.**

13   **IV.    Plaintiff's Remaining Motions**

14          No complaint has been filed by Plaintiff; therefore, no Defendants have been served.  Thus,

15   Plaintiff's motion requesting the Court to order Defendants to participate in a settlement hearing

16   (Docket No. 3) and to produce "any and all records" (Docket No. 4) are DENIED as premature.

17          In Plaintiff's motion entitled, "writ and complaint of mandamus," he asks the Court to "order

18   [his] relees [sic]" (Docket No. 6).  Plaintiff's request to be released is DENIED as such a request is

19   not properly brought before this Court as a unsupported motion in a civil rights action.

20          In the aforementioned motion, Plaintiff further requests the Court to "stop [his] transfer to

21   NAPA State Hospital" (Docket No. 6).  Plaintiff has also filed an "injunction for emergency relief,"

22   in which he asks to be transferred "into SF Fed. Jail" (Docket No. 8).  The Court finds that the facts

23   alleged by Plaintiff do not support issuing a temporary restraining order ("TRO") or preliminary

24   injunction because he has not established a strong likelihood of success on the merits nor do his

25   assertions demonstrate a threat of irreparable injury.  Winter v. Natural Res. Def. Council, Inc., 555

26   U.S. 7, 20 (2008).  Plaintiff has failed to establish a likelihood of success on the merits because

27   prisoners enjoy no constitutional right to be incarcerated at a particular prison or to avoid being

28   transferred.  See Olim v. Wakinekona, 461 U.S. 238, 245 (1983).  Plaintiff has also failed to

United States District Court
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1  demonstrate a threat of irreparable harm based on this claim.  Accordingly, Plaintiff's motion for a

2  TRO or preliminary injunction relating to the aforementioned prison transfers  (Docket Nos. 6, 8) is

3  DENIED.

4       Finally, Plaintiff has made a request, presumably to the Clerk, to "stop sending this case to

5  Judge Armstrong in Oakland" (Docket No. 6).  His request is DENIED.  If Plaintiff has a good faith

6  basis for seeking recusal or disqualification of the undersigned judge in his pending habeas corpus

7  action, he may file a motion in that action pursuant to Title 28 U.S.C. section 144 or 455.  Plaintiff is

8  cautioned, however, that judicial rulings almost never constitute a valid basis for a recusal motion.

9  See Liteky v. United States, 510 U.S. 540, 555 (1994).  Recusal is required only if the alleged

10  judicial bias or prejudice stems form an extrajudicial source, and not from conduct or rulings made

11  during the course of the proceedings.  See Toth v. TWA, Inc., 862 F.2d 1381, 1387-88 (9th Cir.

12  1988).

**CONCLUSION**

14       For the reasons stated above, the Court orders as follows:

15       1.       Plaintiff's request for appointment of counsel (Docket Nos. 6, 9)  is DENIED without

16  prejudice.

17       2.       Plaintiff's request for an extension of time to file his complaint (Docket No. 10) is

18  GRANTED.  Plaintiff shall file his complaint no later than **twenty-eight (28) days** from the date of

19  this Order.  If Plaintiff files a timely complaint, he must also file a copy of his prisoner trust account

20  statement.  Plaintiff shall do so within **twenty-eight (28) days** of the date of this Order.  **Failure to**

21  **file a complaint and a copy of Plaintiff's prisoner trust account statement as ordered herein by**

22  **the twenty-eight-day deadline shall result in the dismissal of this action without prejudice for**

23  **failure to prosecute under Federal Rule of Civil Procedure 41(b).**

24       3.       Plaintiff's remaining requests (Docket Nos. 3, 4, 6, 7, 8) are all DENIED, as

25  explained above.

G:\PRO-SE\SBA\CR.12\Stevens2112.DenyATTY&grantEOT-AmCompl.wpd       4

1          4.      This Order terminates Docket nos. 3, 4, 6, 7, 8, 9 and 10.

2          IT IS SO ORDERED.

3  DATED:    7/23/13

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3

   DEAN STEVENS,
4                                                   Case Number: CV13-02112 SBA
              Plaintiff,
5                                                   **CERTIFICATE OF SERVICE**
      v.
6
   KATHLEEN COLLEEN et al,
7
              Defendant.
8  _____/

9
   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
10 Court, Northern District of California.

11 That on July 23, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said
   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
   envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
12 located in the Clerk's office.

13

14

15 Dean M. Stevens A#50184
   Mendocino County Sherrif's Office
16 Corrections Division
   951 Low Gap Road
17 Ukiah, CA 95482

18 Dated: July 23, 2013

                                    Richard W. Wieking, Clerk
19                                  By: Lisa Clark, Deputy Clerk

20

21

22

23

24

25

26

27

28

G:\PRO-SE\SBA\CR.12\Stevens2112.DenyATTY&grantEOT-AmCompl.wpd        6