IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEAN STEVENS,

    Plaintiff,

v.

KATHLEEN COLLEEN, et al.,

    Defendants.

No. C 13-02112 SBA (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

On May 8, 2013, Plaintiff filed a handwritten document in this Court, which the Clerk of the Court opened as a pro se civil rights action. On the same date, the Clerk sent a notice to Plaintiff, informing him that his action could not go forward until he paid the filing fee or filed a completed prisoner's in forma pauperis application. The Clerk included a blank in forma pauperis application and informed Plaintiff that he must pay the fee or return the completed application within twenty-eight days or his action would be dismissed.

In another notice dated May 30, 2013, the Clerk directed Plaintiff to complete a civil rights complaint form and advised him that he must complete this form within twenty-eight days or his action would be dismissed. The Clerk provided Plaintiff with a blank civil rights complaint form.

Thereafter, Plaintiff filed a request for the appointment of counsel to represent him in this action and an extension of time to file his complaint.

On June 19, 2013, Plaintiff filed a completed in forma pauperis application form and a copy of his Certificate of Funds; however, he did not file a copy of his prisoner trust account statement.

In an Order dated July 23, 2013, the Court denied Plaintiff's request for appointment of counsel. The Court granted his request for an extension of time to file a complaint. However, it notified Plaintiff that his in forma pauperis application was deficient due to the failure to include a prisoner trust account statement for the previous six months. The Court

informed him that his action could not go forward until he filed his prisoner trust account statement within twenty-eight days, and that his failure to do so would result in dismissal of this action. Specifically, the Court stated that to the extent Plaintiff timely files a complaint, the Court will not review such pleading until he files a copy of his trust account statement:

> Plaintiff is hereby ORDERED to file a copy of his prisoner trust account statement. Plaintiff shall do so within **twenty-eight (28) days** of the date of this Order. Failure to file a copy of Plaintiff's prisoner trust account statement as ordered herein by the twenty-eight-day deadline shall result in the dismissal of this action without prejudice.

Dkt. 11.

On July 26, 2013, Plaintiff re-submitted two copies of his Certificate of Funds, which were both incorrectly labeled in the Court's electronic database as his "Prison Trust Fund Account Statement." Dkts. 14, 15.

On August 8, 2013, the Clerk sent Plaintiff another blank civil rights complaint form as well as a blank in forma pauperis application.

On August 19, 2013, Plaintiff filed a timely complaint.

Also on August 19, 2013, Plaintiff again re-submitted a copy of his Certificate of Funds, and the Clerk incorrectly labeled it as his "Prison Trust Fund Account Statement." Dkt. 20. Therefore, to date, Plaintiff has not filed his prisoner trust account statement, and the deadline to do so has passed. The record shows that the Court gave Plaintiff multiple opportunities to file his prisoner trust account statement, and informed him that the failure to file a timely prisoner trust account statement would result in the dismissal of this action.

Accordingly, this action is DISMISSED WITHOUT PREJUDICE. Plaintiff's in forma pauperis application is DENIED as incomplete. The Clerk shall re-label each of the three copies of Plaintiff's Certificate of Funds (Dkts. 14, 15, 20) as his "Certificate of Funds." The Clerk shall also enter judgment, terminate all pending motions as moot, and close the file.

IT IS SO ORDERED.

DATED:  1/22/14

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.13\Stevens2112.DISIFP-6moSTATE.frm            2